Ruffin, C. J.
 

 If the question of title were at issue upon this record, it would yet have been erroneous to give judgment against the plaintiff; for possession alone will maintain the action at common law, and, by consequence, this by petition, which is a substitute for the former,
 
 Yeargain
 
 v.
 
 Johnston,
 
 Tay. Rep. 80. Indeed, it is said to. be better not to state a seisin in fee, nor to set forth the plaintiff’s title, further than that he was possessed; be* cause, if an insufficient title be stated, it will be fatal, or if a good one be stated and put in issue, it must be proved as stated. 2
 
 Saun.
 
 113, n. 1, 206, n. 22, and 207, n.
 
 24.
 
 It may be true, that on the statute remedy, in which the damages are assessed prospectively, as well as retrospectively, it may be necessary to set forth a title, which will authorize the damages in future, if such be claimed. But in reference to those sustained up to the period of the trial, the allegation and proof of the plaintiff’s possession alone are sufficient, since, as possessor merely, he has suffered them up to that time. Here, the possession of the plaintiff was alleged and proved, for more than a year before the suit brought and pp to the trial. There
 
 *106
 
 fore, it was undoubtedly wrong to dismiss the petition ; for, if it would not lie for those damages, one, who had a term for f|>s than five years, would have no redress foiiSn injury of this kind. Indeed, it deserves consideration, whether the question of title can be entertained at all before the jury ; for, as the proceeding is summary, it seems rather to have been intended , and also to be most appropriate, that
 
 the interest of the
 
 plaintiff should be passed on by the Court on the hearing of the
 
 petition, so
 
 as to reduce the province of the jury to the enquiry into the.fact of injury and of the amount of damages, as specified in the writ, and their oath. But it is not material to enter into that matter now, as the title was really not in issue in this suit. An estate in fee simple in poss-ession is directly alleged in the petition, and the answer does not dispute, but, by a plain implication, admits it, saydng that the injury to the plaintifi’s land was the consequence of the plaintiff’s own act, in causing the river to overflow its banks and throw’ the water on his land, and was not caused by the defendant’s ponding his water. On this part of the case, therefore, tlie Court is of opinion with the plaintiff.
 

 Upon the other point, respecting the nature of the action and the jurisdiction of the County Court, this Court concurs with his Honor. We have already had occasion, at the present term, in the case of
 
 King
 
 v.
 
 Shuford,
 
 (see ante, p 100) to declare our opinion that by the Act of 1844, ch. 12, the remedy by petition is not done away with in Henderson and the other Counties mentioned in it;. and therefore that the action on the case will.not lie, except as provided for in the Act of 1809. That reduces the inquiry now to the point, whether the petition is to be brought in the County or the Superior Court. As to that, the language of the Act of 1S44 is not as clear as it might be, and, perhaps, upon that, by itself, we might consider it doubtful, whether the broad terms, “all suits,
 
 *107
 
 whether civil or criminal, shall originate in the Superior Courts,” would not vest the jurisdiction of cases of this character in those Courts. It is to be remarked, however, that it is a general principle of construction, that a statute is never to oust a jurisdiction, but upon express words or a plain implication ; and that this must be especially true, when, by the change of the jurisdiction, the citizen loses an advantage he would otherwise have. Here the words of the-section, in restraint of the powers of the County Courts, are, that they shall not summon a jury to attend them, nor try a cause where a jury may be necessary. The obvio,us sense of the provision is, that there is to be no jury in the County Court, and, that, for that reason, that Court is not to entertain jurisdiction of a suit, in the trial of which, in Court, a jury would be requisite. That reason does not extend to the present case, more than it does to one, in which the application is for the appointment of four free-holders to lay off, view and value the two acres of land, for the purpose of building a mill, under the act of 1777. It is clear, that latter duty is yet imposed on the County Court; and the other case stands on the same reason. . For, although there must be a jury in it, they are not jurors in Court, but an inquest on view, and it is as well to award the
 
 venire
 
 for such a jury from the one Court as the other, except so far as the greater frequency of the terms of the one may render the proceeding in it more speedy and less expensive. It is precisely litre the case of assigning and laying off dower, which jurisdiction it is highly convenient those very useful and respectable Courts should exercise, and, as -we are informed, have continued to exercise in the Counties for which the Act of 1844, and others like it, have been passed. Another similar instance is an inquisition of lunacy, which is expressly directed to be issued from the County Court, as a foundation for the appointment of a guardian by that Court; a function which
 
 *108
 
 the Superior Court has only by appeal. Proceedings of any of those kinds are not spoken of, as trials by jury in Court, but are inquests out of Court, though certainly subject to the control of the Court, so far as to confer the authority to set them aside for good cause, as would be done with the report of Commissioners to make partition, and the like. Besides, there is a further consideration, possessing much weight in determining this point. The Act gives an inquisition on the premises, for the obvious reason, that it will be more satisfactory to the jury to judge for themselves than upon evidence ; that such a decision will be more respected by and satisfactory to the parties than one made from hearing witnesses, and-, at all events, that it will be less expensive than in summoning' witnesses to Court and attending there from day to day for an indefinite period. Of all these benefits the parties are to be deprived, if the original jurisdiction were established in the Superior Courts exclusively ; or, else, the verdict of the jury of view, taken by writ from that Court,is to beset aside at the will of either party and of right, so as to have a trial at bar, without giving the security, which, upon an appeal, would be required. For we suppose it clear, that, in those Counties, parties to a controversy of this kind are not to lose the benefit of the opinion of a Judge and his instructions to a jury on their case ; and, therefore, that at all events each one must have sorúe means of bringing the case to a trial at bar; if so, it must be by appeal from the County Court, by giving security for the performance of the final judgment, as directed by the Act of 1809, or, if the County Court has no jurisdiction, by demanding the verdict of the jury on the premises to be set aside, without assigning any canse and as a matter of right. Between the alternatives of having a jury of view, with a right of ap? peal to a trial at bar in the Superior Court, on giving, security, as in other cases; or, on the other hand,of hav
 
 *109
 
 ing no jury of view, or, if there were one. of having the verdict arbitrarily avoided by the mere will of the party, without paying its expense or securing the ultimate recovery or costs, it is not difficult to determine. It cannot be supposed, that the Legislature were not aware of the conveniences and inconveniences of those several alternatives; and that, if the material changes in the proceedings, that have been pointed out, had been intended, some provision would have been made for them. These considerations, added to those already drawn from the language of the Act of 1844, lead us to the conclusion, that‘'all suits,” in the section, which confers jurisdiction on the Superior Courts, are to be construed in reference to the previous section and mean “all such suits,” as, by that section, the County Courts had been ousted of the jurisdiction of, namely, those in which there could be no “trial” in the Court, without a jury. Therefore, upon the whole, the opinion of the Court is, that the suit was rightly brought; and that the judgment of the Superior Court must be reversed, and judgment rendered for the plaintiff according to the verdict.
 

 Per Curiam.
 

 Judgment reversed and judgment for the plaintiff.